Lawrence Glass v. The State.

No. 8810.     Delivered April 15, 1925.

Rehearing denied May 21, 1925.

1.—Manufacturing Intoxicating Liquor—Time of Offense—Within Limitation—Practice.

In a prosecution for manufacturing intoxicating liquor the State is not restricted to the time alleged in the indictment. Any date prior to the returning of the indictment, and within the period of limitation may be proven.

2.—Same—Evidence—Purchase of Sugar—Admissible.

That appellant purchased large quantites of sugar, which is commonly used in the manufacture of intoxicating liquor, during the month of August, next preceding the returning of the indictment, was properly admitted, as was also evidence that there was a still in the same locality, at the time of the purchase of the sugar.

**3.—Same—Evidence—Held Sufficient.**

While the evidence in this case was circumstantial, the learned trial judge deemed the facts of sufficient cogency to go to the jury, and approved and entered judgment upon the verdict, and a careful examination of the facts are convincing that the evidence sustained the conviction of appellant. No error appearing, the cause is affirmed.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Levi Herring* and *J. P. Word,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful manufacture of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence is circumstantial. The testimony relied upon by the State is in substance this: In April or May of the year 1923, the witness Mayfield saw a still situated in Somervell County. The still was a large one. It was in operation and whiskey was running out of it at the time. There were a number of barrels of mash near-by. The still was located in a creek about a quarter of a mile from the appellant's home. At the time that the witness observed it, the appellant was sitting on the bank of the creek about ten yards from the still and eating his lunch. The appellant's brother was also there. A ranger also saw the still in operation and the appellant eating his dinner nearby. This witness also saw a still in the same locality in August. In the month of September, this witness found several cases of fruit jars at the house of the appellant, but no fruit.

The indictment was filed on the 3rd day of September, 1923. It charged the offense to have been committed on or about the first day of February, 1923. It was in evidence that some time prior to the 29th day of August, 1923, the appellant had purchased from one witness about 300 pounds of sugar. According to the best recollection of the witness, two of these sacks of sugar were sold to the appellant in May; the other was sold at a later date. Another witness testified that he sold 200 or 300 pounds of sugar to the appellant in the middle of August; that he also sold him three cases of fruit jars.

The testimony introduced by the appellant concerned his age and his good reputation as a law-abiding citizen. It seems that in connection with that issue, testimony was received without objection,

to the effect that he bore the reputation of pursuing the occupation of a whiskey dealer.

The averment in the indictment that the transaction occurred on or about the first day of February, 1923, would render admissible evidence going to show that the appellant had committed the offense at any time prior to the filing of the indictment on September 3, 1923.

The request for an instruction seeking to eliminate from the consideration of the jury the testimony relating to the purchase of the sugar in August was properly refused.

The same is true with reference to the receipt of evidence that there was a still in the same locality in August and that the appellant was buying sugar in large quantities at that time, the sugar being one of the ingredients used in the manufacture of liquor.

Evidence as to the possession of a quantity of fruit jars was also properly received.

Reliance being had by the State upon circumstantial evidence, the way was open to the State to introduce competent testimony which would shed light upon the transaction. All the testimony leading to the conclusion that the appellant was engaged in the manufacture of whiskey at a time before the 3rd of September, 1923, and within the period of limitation, was relevant upon the issue before the court.

The point is made that the evidence is insufficient to support the verdict. Summarizing the criminative evidence, there was found a well-equipped still with a number of barrels of mash sunk in the ground. The still was situated in the bed of a creek, the locality surrounded by brush and situated at a distance estimated at a quarter of a mile from the home of the appellant. The still was in operation, a fire was under the boiler and whiskey was running out of the condenser. Appellant and his brother were present. The appellant was dining and so far as the record shows, he made no explanation of his presence or his conduct. A still of a similar nature and used for a like purpose was seen in the same locality at a later date. Appellant was a purchaser of sugar in quantities which the jury was authorized to conclude were unusual and such as to indicate that it was not for domestic purposes. He was also the purchaser of fruit jars which were suitable containers for whiskey and commonly used for that purpose by persons engaged in the illicit manufacture of intoxicating liquor. These items of evidence unexplained, and the record presenting no hypothesis other than that which might be inferred from the evidence stated, we are not prepared to say that, tested by the law of circumstantial evidence, the verdict of the jury to the effect that the presumption of innocence was overcome and the appellant's guilt of manufacturing liquor established beyond a reasonable doubt, was unsupported. The

learned trial judge deemed the facts of sufficient cogency to go to the jury and approved and entered judgment upon the verdict. While the evidence might be more convincing, this court, in view of the conditions mentioned and the additional fact that it was proved without objection that the appellant bore the reputation of a dealer in whiskey, we do not feel authorized to overturn the verdict.

The judgment is affirmed.

*Affirmed.*